IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR66 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| BONFILIO AVILES, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 96). The government adopted the PSR (Filing No. 93). Also filed are the following: a motion for downward departure by the government (Filing No. 98); and a motion for downward departure or deviation by the Defendant (Filing No. 97). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory. The Defendant's objections to the PSR are discussed below.

### ¶ 48 - Role

The Defendant objects to the lack of a role adjustment in ¶ 48, arguing that he is entitled to a minimal role reduction. The objection will be heard at sentencing, and the Defendant has the burden of proof by a preponderance of the evidence.

### ¶ 62 - Prior Conviction

The Defendant also objects to the single criminal history point assessed in ¶ 62 under U.S.S.G. § 4A1.1(c) for an offense described as "Procure/Sell Alcohol to Minor" that resulted in a $350 fine. If the Defendant is successful with his argument, his criminal history category would be lowered from category II to I. The probation officer addressed this issue in the Addendum to the PSR and reasoned that, in committing this offense that violated a local ordinance, the Defendant also violated Neb. Rev. Stat. § 53-180 (Reissue

2004). Section 53-180 provides that no one "shall sell, give away, dispose of, exchange, or deliver, or permit the sale, gift, or procuring of any alcoholic liquors, to or for any minor." The Defendant argues that because § 53-180 is entitled "Sale to minors and incompetents" and is a part of the Liquor Control Act, the statute only applies to liquor sales to minors. The Defendant then reasons that, because the incident in question did not involve a sale but rather the provision of alcohol at a party where a minor cousin was present, § 53-180 is not implicated.

In *State of Nebraska v. Butzke,* 584 N.W.2d 449 (Neb. App. 1998), the Nebraska Court of Appeals considered facts relating to Butzke's purchase and provision of alcohol at a graduation party for his son attended by minors. The Nebraska court determined that the evidence was sufficient to support Butzke's conviction under § 53-180 because the facts sufficiently indicated a general intent to commit the crime. *Id.* at 460-61. Butzke's case was distinguished from *State of Nebraska v. Jansen,* 486 N.W.2d 913 (Neb. 1992). *Butzke,* 584 N.W.2d at 460. Jansen owned a farmstead on which he did not reside and learned that young people were having a keg party on his farmstead. He did not know the group and did not give permission for the party or provide the alcohol. Once he knew about the party he left. The court concluded that the evidence was insufficient to support a violation of § 53-180 because Jansen did not sell, give, or procure alcohol to or for any minor. *Jansen,* 486 N.W.2d at 200.

Therefore, whether the Defendant's actions that led to his prior conviction would constitute a violation of § 53-180 depends on the facts of the prior conviction. Therefore, with the background supplied in these Tentative Findings, the Court suggests that defense counsel consider the facts of the prior conviction. The Court notes that the probation office will allow defense counsel to view and copy records in the probation office. The Court

2

expects that defense counsel will request the opportunity to look at any of the probation officer's records that he might not have seen up until this time. This objection will be heard at sentencing unless it is withdrawn after consideration of the underlying facts and the applicable law. If the objection is heard, the government must prove the fact of the conviction by a preponderance of the evidence. Then the burden shifts to the Defendant to prove the inapplicability of § 4A1.1(c) by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 48 and 62 of the PSR will be heard at sentencing;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2, my tentative findings may become final; and

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court

3